**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAN GAMBOA, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| *Plaintiff,* | ) ) | **Case No.:** |
| **v.** | ) ) | |
| **THE PROCTER & GAMBLE COMPANY,** | ) ) ) ) | |
| *Defendant.* | | |

**NOTICE OF REMOVAL**

The Procter & Gamble Company ("P&G"), by its attorneys Jody Kahn Mason and Jessica E. Chang of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, P&G states as follows:

**Procedural History and Plaintiff's Allegations**

1.    On November 26, 2021, Plaintiff Jan Gamboa ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against P&G in the Circuit Court of Cook County, Illinois, County Department, Chancery Division alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. The lawsuit is captioned *Jan Gamboa, individually and on behalf of all others similarly situated v. The Procter & Gamble Company*, Case No. 2021 CH 05459 (the "State Court Action"). A copy of Plaintiff's Complaint ("Compl.") is contained in Exhibit A attached hereto.

2.     According to the Complaint, Plaintiff allegedly purchased the Oral B iO Series 7G toothbrush ("iO7 toothbrush") in June 2021 and downloaded the Oral-B Smartphone Application ("App") to use in conjunction with the iO7 toothbrush. (Ex. A, Compl., ¶¶ 2, 15-16). Plaintiff alleges that the App's position detection technology tracks the zones of the mouth while brushing, and that through the App, P&G "captured, collected, stored, and transferred biometric scans of Plaintiff's face and facial geometry." (*Id*. at ¶¶ 16-17). Plaintiff further alleges that P&G's App "collects users' biometric identifiers, i.e. facial scans and facial geometry, and converts them to an electronic format *derived from* those identifiers i.e. biometric information." (*Id.* at ¶ 18) (emphasis in original). As such, Plaintiff alleges that P&G "transmit[s] biometric date to the vendor of the [alleged] facial recognition technology". (*Id.*)

3.     In doing so, Plaintiff alleges that P&G violated Sections 15(a), 15(b) and 15(d) of the BIPA by failing to: (a) "inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage"; (b) "inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used"; (c) "inform Plaintiff and the Class in writing the specific length of term of their biometrics were being captured, collected, stored, and used; (d) "obtain a written release"; (e) "make publicly available a biometric retention and destruction schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying biometrics"; and (f) "obtain informed consent to disclose or disseminate the Class' biometrics". (Ex. A, Comp., ¶ 39).

4.     For Plaintiff, individually and on behalf of the putative class, Plaintiff seeks: (1) "statutory damages of $5,000 for each willful and/or reckless violation of BIPA;" (2) "statutory damages of $1,000 for each negligent violation of BIPA;" (3) "injunctive and equitable relief as

necessary to protect the interests of the Plaintiff and the Class;" (4) attorneys' fees, costs, and other litigation expenses; and (5) pre-judgment and post-judgment interest. (Ex. A, Compl., Prayer for Relief).

5.      Under 740 ILCS 14/20(1)-(2), Plaintiff may recover "(1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or] (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater . . .."

6.      Plaintiff seeks to represent a class defined as: "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the application limitations period." (Ex. A, Compl. ¶ 25). While Plaintiff fails define what he believes to be the applicable statute of limitations, the longest potentially applicable statute of limitations is five years.

## Timeliness of Removal

7.      Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." As explained below, the grounds for removal here are apparent on the face of the Complaint.

8.      On November 4, 2021, P&G was served with the Complaint and Summons. P&G has not filed an answer or any other pleading responsive to the Complaint, nor has P&G appeared or made any arguments before the State Court.

9.      P&G files this Notice of Removal on December 6, 2021.[1] As such, this Notice of Removal is timely.

## Basis for Removal

10.      Removal is proper here under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). Under CAFA, United States District Courts have original jurisdiction over any class action: (i) involving a class of 100 or more members; (ii) where at least one member of the class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). These prerequisites are satisfied here.

11.      First, this matter is a covered "class action." Pursuant to CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff purports to bring this lawsuit on behalf of a class of individuals and seek to represent them and their interests in this action as provided for under the Illinois Code of Civil Procedure provisions for class actions, 735 ILCS 5/2-801, *et seq*. (Ex. A, Compl., ¶¶ 25-32, Prayer for Relief).

12.      Second, this putative class action involves a proposed class of more than 100 members. As set forth in the Declaration of Carlos DeJesus, more than 1,000 unique users located in Illinois have used the App in conjunction with their use of the iO7 toothbrush at issue under

---

[1] The thirtieth day after November 4, 2021 was Saturday December 4, 2021. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of the period is a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

conditions Plaintiff alleges violate the BIPA.[2] (Declaration of Carlos DeJesus, attached hereto as Exhibit B, ¶ 6).

13.     Third, the minimal diversity requirement of CAFA set forth in 28 U.S.C. § 1332(d)(1) is met. As Plaintiff has asserted, he is a resident and citizen of the State of Illinois. (Ex. A, Compl., ¶ 11).

14.     P&G is a corporation organized under the laws of the State of Ohio and its principal place of business is in Cincinnati, Ohio. (Ex. B, Declaration of Carlos DeJesus, ¶ 5).  As such, P&G is a citizen of the State of Ohio.

15.     As such, at least one class member is a citizen of a different state than P&G, and this case meets the minimal diversity requirement of CAFA. 28 U.S.C. § 1332(d)(2)(A) (minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

16.     Fourth, the amount in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiff brings claims on behalf of himself and "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant …." (Ex. A, Compl., ¶ 25). On behalf of himself and the putative class, Plaintiff seeks to recover statutory liquidated damages of $5,000 for each reckless or willful violation of the BIPA and $1,000 for each negligent violation. (Ex. A, Compl., Prayer for Relief). Plaintiff does not state what he contends constitutes "each violation" of the BIPA, and that issue remains unsettled. However, Plaintiff brings this action on behalf of a putative class of individuals whose alleged biometric information was allegedly collected, stored, used, transmitted, or disseminated by or on behalf of P&G within the state of Illinois at any time during the applicable limitations period.

---

[2] Defendants deny that they violated the BIPA, deny that a class could be properly certified and deny that Plaintiff or the putative class are entitled to any relief whatsoever.

(Compl. ¶ 25). As set forth in the Declaration of Carlos DeJesus, during the five-year period prior to the filing of Plaintiff's complaint, which is the longest potentially relevant time period, more than 1,000 unique users in Illinois have used the App in conjunction with their use of the iO7 toothbrush at issue under conditions Plaintiff alleges violate the BIPA. Thus, the amount in controversy would necessarily exceed $5,000,000 to the extent Plaintiff seeks for each putative class member a separate award of statutory liquidated damages of $5,000.[3] (Ex. A, Compl. ¶ 39, Prayer for Relief). Thus, the threshold required to support removal under CAFA is satisfied here.

## Venue and Procedural Steps

17. The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located in this judicial district and division.

18. As required by 28 U.S.C. §1446(a), the Complaint, Summons and any other "process, pleadings, and orders" served to date on P&G, are attached as group Exhibit A.

19. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

---

[3] To be clear, P&G denies that Plaintiff and the putative class are entitled to an award of $5,000 or $1,000 in statutory damages under any circumstances.

20.     By filing this Notice of Removal, P&G does not waive any defenses to the claims Plaintiff asserts on behalf of himself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

**WHEREFORE**, Defendant The Procter & Gamble Company hereby removes case number 2021 CH 05459 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: December 6, 2021          Respectfully submitted,

                              The Procter & Gamble Company

                              By:     s/ *Jody Kahn Mason*
                                      One of Its Attorneys

Jody Kahn Mason
Jessica E. Chang
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Jody.Mason@jacksonlewis.com
Jessica.Chang@jacksonlewis.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Jody Kahn Mason, an attorney, certify that on December 6, 2021, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiff by email and U.S. Mail at the following addresses:

David L. Gerbie
Steven R. Beckham
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
sbeckham@mcgpc.com

s/ *Jody Kahn Mason*

# EXHIBIT A

**12-Person Jury**

Hearing Date: 2/23/2022 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
Cook County, IL

FILED
10/26/2021 2:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05459

15354976

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JAN GAMBOA, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| THE PROCTER & GAMBLE COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

No. 2021CH05459

Hon.

### CLASS ACTION COMPLAINT

Plaintiff Jan Gamboa, individually and on behalf of similarly situated individuals, brings this Class Action Complaint against Defendant The Procter & Gamble Company ("Defendant" or "Procter & Gamble") to stop its capture, collection, use, storage, and dissemination of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based upon personal knowledge as to his acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.     BIPA defines a "biometric identifier" as a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

1

FILED DATE: 10/26/2021 2:08 PM   2021CH05459

2.      This case is about one of the nation's largest consumer goods manufacturers capturing, collecting, storing, and using Plaintiff's and other users' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights and pecuniary interests that BIPA protects through the use of a "Smart toothbrush" and accompanying Oral-B Smartphone Application (the "App").

3.      The App features "position detection technology" which uses consumers smartphone cameras to extract the facial geometry of individuals like Plaintiff. The App, coupled with the Bluetooth enabled smart toothbrush, identifies the "zone" of the user's mouth that is being brushed. Defendant then uses this facial geometry data and proprietary software to analyze App users' toothbrushing during and after the time users are brushing. The App allows users to track their brushing, receive real-time feedback pertaining to the effectiveness of their toothbrushing technique in specific zones of their mouth, and to view after-brushing reports.

4.      Using its App, Defendant captures, stores, and disseminates users' facial geometry and related biometric information without complying with BIPA.

5.      BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1)   inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)   inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)   receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric

FILED DATE: 10/26/2021 2:08 PM 2021CH05459

information; and

(4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

6. BIPA also requires private entities in possession of biometric identifiers and biometric information to obtain individuals' consent before disseminating or disclosing such data to third parties. 740 ILCS 14/15(d).

7. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper or an electronic disclosure and consent screen. BIPA's requirements bestow a right to privacy in one's biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

8. The Illinois Legislature rightly found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's state biometric privacy rights.

10. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of damages, including statutory damages, to the Class members, together with costs and reasonable attorneys' fees.

FILED DATE: 10/26/2021 2:08 PM    2021CH05459

## PARTIES

11.     At all relevant times, Plaintiff Jan Gamboa has been a resident and citizen of the state of Illinois.

12.     Defendant The Procter & Gamble Company is a corporation organized under the laws of the state of Ohio that conducts substantial business throughout Illinois, including in Cook County.

## JURISDICTION AND VENUE

13.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102.

## FACTS SPECIFIC TO PLAINTIFF

15.     In June of 2021 Plaintiff Gamboa purchased the Oral B iO Series 7G toothbrush ("the toothbrush").

16.     Plaintiff also downloaded and used the App in combination with the toothbrush to track which zones of his mouth he was brushing by using the App's position detection technology to track his toothbrushing.

17.     During his use of the App, Defendant captured, collected, stored, and transferred biometric scans of Plaintiff's face and facial geometry.

4

FILED DATE: 10/26/2021 2:08 PM    2021CH05459

18.    Defendant's App collects users' biometric identifiers, i.e. facial scans and facial geometry, and converts them to an electronic format *derived from* those identifiers, i.e. biometric information. Such conversion is necessary for Defendant to store the biometrics itself, and, on information and belief, to allow Defendant to transmit biometric data to the vendor of the facial recognition technology, a German corporation known as Fraunhofer.

19.    Prior to taking Plaintiff's biometrics, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated to a third party.

20.    Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection or use of her biometrics.

21.    Defendant did not seek, and Plaintiff never provided, any consent to Defendant's disclosure of her biometrics to its third-party vendor.

22.    Prior to taking, and while in possession of, Plaintiff's biometrics, Defendant did not publish any written policy as to a biometric retention schedule or guidelines for permanently destroying biometrics.

23.    To this day, Plaintiff is unaware of the status of the biometrics obtained by Defendant.

24.    By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

25.    Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

5

FILED DATE: 10/26/2021 2:08 PM 2021CH05459

26. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

27. Upon information and belief, there are scores of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

28. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

29. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant's conduct is subject to BIPA;

b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

6

e. Whether Defendant's conduct violates BIPA;

f. Whether Defendant's violations of the BIPA are willful or reckless; and

g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

30. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

31. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

32. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq.**
**(On behalf of Plaintiff and the Class)**

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant is a private entity under BIPA.

35. BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric identifiers or biometric information.

7

FILED DATE: 10/26/2021 2:08 PM    2021CH05459

Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

36.    BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information make publicly available a biometric retention policy. An entity which possesses biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

37.    Plaintiff and the other Class members have had their "biometric identifiers," namely their facial scans and facial geometry, collected, captured, or otherwise obtained by Defendant.

38.    Each instance when Plaintiff and the Class scanned their faces into Defendant's biometric technology, i.e. The App, Defendant captured, collected, stored, and/or used Plaintiff's and the Class's biometrics without valid consent and without complying with BIPA.

39.    Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with the following provisions BIPA:

8

FILED DATE: 10/26/2021 2:08 PM    2021CH05459

a.    Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.    Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.    Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3) prior to collecting biometrics;

e.    Defendant failed to make publicly available a biometric retention and destruction schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying biometrics, as required by 740 ILCS 14/15(a); and

f.    Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

40.    By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class's biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

9

FILED DATE: 10/26/2021 2:08 PM    2021CH05459

41. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

42. Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

43. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

10

FILED DATE: 10/26/2021 2:08 PM   2021CH05459

h.   Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 26, 2021

Respectfully submitted,

JAN GAMBOA, individually and on behalf of all similarly situated individuals

By:   /s/ Steven R. Beckham
      *One of Plaintiff's Attorneys*

David L. Gerbie
Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAN GAMBOA, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| *Plaintiff,* | ) ) | **Case No.:** |
| **v.** | ) ) ) | |
| **THE PROCTER & GAMBLE COMPANY,** | ) ) ) | |
| *Defendant.* | | |

<u>**DECLARATION OF CARLOS DEJESUS**</u>

I, Carlos DeJesus, state and affirm as follows based on my personal knowledge and review of records maintained by The Procter & Gamble Company ("P&G") in the ordinary course of business:

1.      I am over the age of 18 years and otherwise competent to give testimony. I have personal knowledge of the matters set forth in this Declaration.

2.      I hold the title of Senior Vice President, North America – Oral Care at P&G. I have held this position for 4.5 years.  I am authorized to submit this Declaration on behalf of P&G.

3.      As part of my job, I am familiar with and have access to information regarding P&G's products and technology, including information about the Oral B Smartphone Application ("App") and Oral B iO Series 7G toothbrush ("iO7 toothbrush") at issue in the complaint filed by Plaintiff Jan Gamboa.

4.      In my position, I am also familiar with the corporate structure of P&G.

5.      P&G is a corporation organized under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

6.      From October 26, 2016 through the present, more than 1,000 unique users in Illinois have used the App in conjunction with their use of the iO7 toothbrush under conditions Plaintiff alleges violate the Illinois Biometric Information Privacy Act ("BIPA").

THE DECLARANT STATES NOTHING FURTHER.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2021.

_____
                    Carlos DeJesus